STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-00-53
SKS- KEN - 11/27/2000

STATE OF MAINE and
MAINE BOARD OF PHARMACY,

Appellants

v.

DECISION ON APPEAL

CHRISTY C. ADAMS,

Appellee

This matter came before the court on appeal pursuant to M.R. Civ. P. 76D from the decision of the Administrative Court dismissing due to lack of subject matter jurisdiction a complaint for enforcement of a consent agreement. The appellants claim that the Administrative Court made an error of law when it decided that the enforcement complaint was beyond that court's jurisdiction. Finding no error, the appeal will be denied.

The background for this matter is not disputed. In 1992, the parties entered a consent agreement based primarily on Adams' addiction to various substances including prescription drugs. In August, 1999, the plaintiffs/appellants filed a complaint with the Administrative Court alleging that Adams had violated the conditions of the consent agreement and had performed other independent acts which constitute grounds for revocation of his license to practice pharmacy. The complaint was scheduled for hearing before the Administrative Court on May 15, 2000, at which time the court raised *sua sponte* whether that court had subject

1

matter jurisdiction to consider enforcement of the consent agreement. In light of the court's statements on the jurisdictional issue and facing the prospect of dividing their causes of action between two courts, the appellants declined the opportunity to present evidence on allegations which did not assert violation of the consent agreement. The Administrative Court subsequently issued its order dated May 23, 2000, dismissing that portion of the complaint seeking enforcement of the consent agreement for lack of jurisdiction and granting judgment to the defendant with regard to allegations of misconduct other than violation of the consent agreement. The plaintiffs have appealed the first portion of the Administrative Court's decision dealing with the dismissal.

The sole issue presented on appeal concerns the Administrative Court's interpretation of the last sentence of 10 M.R.S.A. § 8003(5)(B) which states: "A consent agreement is enforceable by an action in Superior Court." Paragraph B in general authorizes the various bureaus, offices, boards and commissions within or affiliated with the Department of Professional and Financial Regulation to execute consent agreements resolving complaints or investigations without further proceedings. The paragraph then ends with the sentence quoted above, which appears to vest jurisdiction for enforcement of these agreements in the Superior Court. The question is whether this jurisdiction is exclusive, as held by the Administrative Court, or whether it is to be exercised concurrently with the Administrative Court, as argued by the plaintiffs/appellants.

The plain language of the statute would appear to support exclusive

2

jurisdiction since there is no mention of the Administrative Court nor is there mention of enforcement of consent decrees under the Administrative Court's general jurisdiction. This failure to mention jurisdiction of the Administrative Court is important to interpreting the statute since the Legislature clearly had the vocabulary to vest that jurisdiction as they did later in the same section, "Any nonconsensual disciplinary action . . . is subject to judicial review exclusively in the Administrative Court . . .". 10 M.R.S.A. § 8003(5)(D). It is clear that the Legislature distinguished between the jurisdiction of the two courts within the same statutory framework.[1]

The plaintiffs raise excellent policy arguments for why they should be allowed to pursue both enforcement of the consent agreement and other separate violations in one forum. Judicial economy, unity of actions, and other points are well taken, but are more appropriately addressed to the Legislature.[2]

The entry will be:

Appeal DENIED. REMANDED to the Administrative Court.

Dated: November _27_, 2000

S. Kirk Studstrup
Justice, Superior Court

---

[1] It occurs to the court that the legislative distinction may be the result of the different procedures in the two courts. If the Legislature intended that parties to a consent agreement should have the right to a jury trial as part of an enforcement action, then the action would have to be brought in the Superior Court since there are no juries in the Administrative Court.

[2] It is unclear whether recent legislation abolishing the Administrative Court would have any effect upon the issue raised by this appeal.

Date Filed __8/7/00__     __Kennebec__     Docket No. ___AP00-53___

County

Action __Appeal from Administrative Court__

          Request to Revoke License

# J. STUDSTRUP

State of Maine & Maine Board of Pharmacy <sup>vs.</sup> Christy C. Adams

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| James Bowie,AAG<br>State House Station #6<br>Augusta, Maine 04333-0006 | Robert C. Brooks,Esq.<br>One Portland Square<br>P.O. Box 586<br>Portland, Maine 04112-0586 |

DONALD L. GARBRECHT
LAW LIBRARY

DEC 4 2000

| Date of Entry | |
|---|---|
| 8/8/00 | Appeal from Administrative Court with all papers, filed. |
| 8/9/00 | Notice of briefing schedule mailed to attys of record. |
| 9/11/00 | Brief in Support of Plaintiffs' Motion to Alter, Amend, Vacate or Set Aside the Administrative Court's Decision and Order of May 23, 2000, filed on 9/7/00. s/Bowie, AAG.  (attached exhibits) |
| 10/10/00 | Defendant/Appellee's Brief in Response to Plaintiff/Appellants' Brief in Support of Motion to Alter, Amend, Vacate or Set Aside the Administrative Court's Decision  and Order of May 23, 2000, filed. s/Brooks, Esq. Affidavit of Robert Brooks, Esq., filed. |
| ------- | Reply Brief in Support of Plaintiffs' Motion to Alter, Amend,Vacate or Set Aside the Adminstrative Court's Decision and Order on May 23, 2000 (M.R.Civ. P. 76D; M.Admin.Ct.R.60(c)), filed. s/Bowie, AAG |
| | Notice of setting for __11/2/00__ sent to attorneys of record. |
| 10/19/00 | Motion for Continuance, filed. s/Brooks, Esq. |
| 11/1/00 | MOTION FOR CONTINUANCE, Studstrup, J.<br>Motion granted.<br>Copies mailed to attys of record. |
| 11/6/00 | Notice of setting of oral arguments on 11/21/00 at 8:15 a.m. sent to attys of record. |